## ALCORN *v.* HOOKER.

Slander for calling the plaintiff a whore. The words were laid to have been spoken in 1842. Plea, that the plaintiff while sole and unmarried, on the 1st of *January*, 1834, had carnal connection with one *H.* Replication, that the plaintiff, before, and at the time mentioned in the plea, was betrothed to the said *H.;* that afterwards, on the 6th of *June*, 1834, she was lawfully married to him; that she lived with him a virtuous life until the 1st of *August*, 1836, when he died; and that she had ever since continued to live in innocent and virtuous widowhood. *Held*, on general demurrer, that the replication was insufficient.

*Saturday, January 20, 1844.*

APPEAL from the *Marion* Circuit Court.

DEWEY, J.—This was an action of slander for calling the plaintiff below a w———e. The words are alleged to have been spoken in 1842. Pleas, general issue, and a justification. The latter alleges that the plaintiff, while sole and unmarried, on the 1st of *January*, 1834, had carnal connection with one *William Hooker.* Replication, that the plaintiff, before, and at the time mentioned in the plea, was betrothed in marriage to the said *Hooker;* that afterwards, on the 6th of *June*, 1834, she was lawfully married to him; that she lived with him a virtuous life until the 1st of *August*, 1836, when he died; and that she had ever since continued to live in innocent and virtuous widowhood. General demurrer to the replication overruled. Jury trial on the general issue; verdict and judgment for the plaintiff.

The only question in this cause is as to the sufficiency of the replication.

The statute, which makes it actionable to impute to a

female a want of chastity, subjects the charge to the same <span>Nov. Term, 1843.</span> rules and regulations which govern an accusation subjecting the accused to criminal punishment. R. S. 1838, p. 452. Had the charge been that the plaintiff was a thief, and the defendant had justified by alleging a specific larceny committed many years before speaking the words, there can be no doubt it would not do to reply, that the theft was committed under circumstances of great temptation; that the stolen goods had been returned; and that the plaintiff had lived an honest life ever since. We can see no distinction in principle between such a case, and that presented by the record; nor do we believe the cause of public morals would be subserved by introducing a distinction. There is no greater hardship in the one instance than in the other. In both, malice may occasionally disturb the peace of a reformed and virtuous life by adverting to the past. But this is a penalty which vice, though abandoned and repented of, must pay. The replication is no answer to the plea; it neither denies, nor confesses and avoids it. We think the Circuit Court erred in overruling the demurrer.

SULLIVAN, J., dissented.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. O'Neal* and *W. Quarles*, for the appellant.

*W. W. Wick* and *L. Barbour*, for the appellee.